IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREAT LAKES INSURANCE, SE, | : | |
|     Plaintiff, | : | No. 22-cv-1654-JMY |
| | : | |
| vs. | : | |
| | : | |
| BIG JOE'S ROOFING, LLC, et al., | : | |
|     Defendant. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                           **March 23, 2023**

Currently before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Third-Party Defendant, KRU, Inc. doing business as the Burg Insurance Agency. (Motion to Dismiss "MTD", ECF No. 31.) The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. L.R. 7.1(f). For the reasons set forth herein, Defendant's Motion will be denied as moot, and the Court will *sua sponte* dismiss this action to be refiled in state court or at the conclusion of the underlying state court proceedings.

**I.      FACTUAL AND PROCEDURAL BACKGROUND:**

Great Lakes Insurance, SE, (hereinafter "Great Lakes") filed this lawsuit under the Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201-02, after an insurance coverage dispute arose between itself and its insured, Big Joe's Roofing. The coverage dispute arose following a fire that erupted on November 18, 2020 at a property located at 6805 N. 11th Street, Philadelphia, Pennsylvania – where Defendants Warren and Bernadette Tanksley resided (the "Tanksley Property"). (Complaint ¶ 80, ECF No. 1; Third Party Complaint ¶ 12, ECF No. 18.) The fire then spread to a neighboring property located at 6807 N. 11th Street, Philadelphia, Pennsylvania – owned by Defendant John Manning (the "Manning Property"). (Third Party

Complaint ¶ 12.)  The fire caused extensive damage to both properties.  (*Id.*; Complaint ¶ 80.)  Warren and Bernadette Tanksley hired Big Joe's Roofing to perform construction renovations or repairs on the roof of their property located at 6805 N. 11th Street, and Big Joe's Roofing was preforming tasks on the Tanksley's roof when the fire erupted on November 18, 2020.  (Complaint ¶¶ 79, 98-99; Third Party Complaint 37-38.)  It is alleged that Big Joe's Roofing was using a flame-based roofing application which ignited the fire.  (Complaint ¶ 100; Third Party Complaint ¶ 37.)

The Tanksleys were insured by Philadelphia Contributionship Insurance Co. (hereinafter "Philadelphia Contributionship") which provided coverage for their loss.  (Complaint ¶ 8, 11; Third Party Complaint ¶ 13.)  The loss attributed to the Manning Property was covered by Mr. Manning's insurance carrier, State Farm Fire & Casualty Company (hereinafter "State Farm")." (Complaint ¶ 8; Third Party Complaint ¶ 14.)  Philadelphia Contributionship and State Farm filed subrogation actions against Big Joe's Roofing in the Philadelphia Court of Common Pleas.  *Philadelphia Contributionship Insurance Company v. Big Joe's Roofing*, December Term, 2021 No. 664; *State Farm Fire & Casualty Company v. Big Joe's Roofing*, May Terms, 2021 No. 2857.  Subject to a reservation of rights, Great Lakes has provided a defense for Big Joe's Roofing in the underlying state court litigation.  (Complaint ¶¶ 16-20; Third Party Complaint ¶ 15.)  Allegations in the Philadelphia Contributionship and State Farm litigation include claims based on theories of faulty workmanship and negligence against Big Joe's Roofing for its application of flame-based hot roofing techniques on November 18, 2020, which purportedly resulted in the fire.  (Complaint ¶¶ 76, 96, 120.)

Great Lakes initiated this action on April 28, 2022, seeking a determination of its obligations under a commercial lines policy issued by Great Lakes to Big Joe's Roofing.

(Complaint ¶ 12.) Great Lakes filed this federal declaratory judgment action against Defendants, Big Joe's Roofing, State Farm, Philadelphia Contributionship, Mr. Manning and the Tanksleys. (Complaint.) In this declaratory judgment action, Great Lakes seeks a determination that it has no obligation to defend and/or indemnify Big Joe's Roofing in either of the underlying related state court lawsuit brought by Philadelphia Contributionship and/or State Farm. (*Id.* ¶¶ 124-125.) It also seeks a declaration that the policy issued to Big Joes Roofing was issued in reliance on material misrepresentations and/or omissions of fact about the roofing operations that Big Joe's Roofing conducted. (Complaint ¶¶ 20-21, 123-142.) Therefore, it seeks a declaration that the policy at issue is "rescinded and void" because Big Joe's Roofing and/or its agent, the Burg Agency, made material misrepresentations about the business that Big Joe's Roofing operated. (*Id.*)

Great Lakes attempts to invoke a policy exclusion, by arguing that Big Joe's Roofing failed to disclose that it used flame-based or hot roofing techniques in its roofing business. Great Lakes cites to the fact that in April 2020, it renewed an existing policy to insure Big Joe's Roofing with a policy period of April 4, 2020, through April 4, 2021. (Complaint ¶ 13.) When Big Joe's Roofing completed the application for the original policy, it answered "No" to the following questions under the "Roofing Operations" subsection of "Class Specific Underwriting Questions": (1) "Do your roofing operations involve any hot tar or bitumen?"; and (2) "Do your roofing operations involve any Torch Down, Wand, or other open flame applications?" (Complaint ¶¶ 32-35.) It is alleged that Big Joe's Roofing was utilizing a flame-based roofing technique when the fire occurred. (Third Party Complaint ¶¶ 37-38.)

## II.     DISCUSSION:

The Court will decline to exercise jurisdiction over this lawsuit while underlying related proceedings are simultaneously being litigated in Pennsylvania Court of Common Pleas in Philadelphia. The Declaratory Judgment Act provides in part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). The Act "does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly within the [C]ourt's subject matter jurisdiction." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, (1950)).

As a general rule, with few exceptions, a federal court may not decline to exercise jurisdiction when a complaint asserts an independent claim for legal relief in conjunction with a claim for declaratory relief under the Declaratory Judgment Act. *Rarick v. Federated Serv. Ins Co.*, 852 F.3d 223 (3d Cir. 2017). However, actions that seek only declaratory relief are discretionary and thus are not "subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction.'" *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Courts may thus "abstain from entertaining" actions asserted only for declaratory relief. *Allied World Specialty Ins. Co. v. Indep. Blue Cross*, No. 17-1463, 2017 WL 4922177, at *2 (E.D. Pa. Oct. 31, 2017) (citing *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017).

While the discretion courts exercise in actions seeking only declaratory relief is substantial, it is nonetheless bounded and reviewable. *Kelly*, 868 F.3d at 282 (citing *Reifer*, 751

F.3d at 140). The district courts' discretionary power to decline to hear declaratory judgment actions, is not open-ended. For instance, a district court does not have absolute discretion to "decline jurisdiction over a declaratory judgment action when the issues include federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 134 (3d Cir. 2001) (citing *United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res.*, 923 F.2d 1071, 1076-79 (3d Cir. 1991)).

In deciding whether to entertain a declaratory action, courts "should first determine whether there is a 'parallel state proceeding.'" *Kelly*, 868 F.3d at 284 (citing *Reifer*, 751 F.3d at 143, 146.) Although the existence of a parallel state proceeding is significant, it is not dispositive; "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction," whereas "the existence of a parallel state proceeding 'militates significantly in favor of declining jurisdiction.'" *Id.* (citing *Reifer*, 751 F.3d at 144-45.) However, the absence of parallel litigation alone does not require that a district court exercise jurisdiction over a matter. *Id.*

When no parallel litigation exists, the district court is required to conduct a rigorous analysis of the factors set forth in *Reifer* for evaluating jurisdictional issues under the Declaratory Judgment Act. *Kelly*, 868 F.3d at 282 (holding that, upon finding that no parallel state proceeding exists, a court should give the factors prescribed by the Third Circuit in *Reifer* "meaningful consideration . . . to the extent they are relevant," in order to determine whether "the lack of a pending parallel state proceeding is outweighed by opposing factors"). Specifically, if a state parallel proceeding does not exist, then "as part of exercising sound and reasoned discretion, district courts declining jurisdiction should be rigorous in ensuring

themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Reifer*, 751 F.3d at 144.

After giving meaningful consideration to the factors espoused in *Reifer*, the Court declines to exercise jurisdiction over this declaratory judgment action. The *Reifer* factors the Court considers are set forth as follows:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.

After considering the factors articulated by the Third Circuit Court in *Reifer*, the Court reaches the conclusion that it would be inappropriate to exercise jurisdiction over this lawsuit. The Court places significant weight on the fact that underlying related proceedings are currently being litigated in the Pennsylvania Court of Common Pleas. These underlying state court proceedings do not involve Great Lakes or its obligation to defend and/or indemnify Big Joe's Roofing; therefore, these proceedings are not parallel in true sense of the word as defined by the Third Circuit Court in *Kelly*, 868 F.3d at 284 (concluding that there was no pending parallel state proceeding because the insurance company was not a party to the underlying state court tort action which was a distinct legal action from the insurer's declaratory judgment action). However, the Court finds the underlying related state court proceedings significant in assessing

the factors set forth in *Reifer*, because the underlying state court proceedings deal with questions pertaining the workmanship and negligence of Big Joe's Roofing in how the fire occurred.

Turning to the first *Reifer* factor, a federal court judgment could resolve uncertainty about Great Lakes obligation to defend which gave rise to the controversy in this lawsuit. However, Great Lakes duty to indemnify is not yet ripe for disposition because there has been no finding of liability in the underlying related litigation. Several courts within the Third Circuit have found "that declaratory judgments concerning an insurer's duty to indemnify are not ripe before the insured has been held liable in the underlying action." *Joseph Oliver Constr., LLC v. Utica First Ins. Co.*, No. 19-cv-4352, 2020 WL 3791564, at *6 (E.D. Pa. July 7, 2020); see also *Republic Servs. of Pennsylvania, LLC v. Caribbean Operations, LLC*, 301 F. Supp. 3d 468, 478 (E.D. Pa. 2018) ("The question of whether an insurer has a duty to indemnify is not ripe until there is an actual need for indemnification, that is, until liability has been determined in the underlying action."); *Sabia Landscaping v. Merchants Mut. Ins. Co.*, No. 13-cv-3820, 2013 WL 6022129, at *4 (E.D. Pa. No. 6, 2013) ("Thus, 'a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action.").

The question about whether Great Lakes is obligated to provide a defense in the underlying related state court litigation is properly before the Court. However, the issue of Great Lakes' obligation to defend is heavily intertwined with disputed issues that are being litigated in the Pennsylvania Court of Common Pleas. The question about whether Great Lakes is obligated to provide a defense is heavily intertwined with the outcome of the underlying litigation which involves questions of negligence, liability and how the fire occurred. Therefore, the Court finds

the first factor espoused in *Reifer* unpersuasive in its jurisdictional analysis under the Declaratory Judgment Act, and it will not retain jurisdiction on those grounds.

      Great Lakes agreed to provide liability insurance coverage to Big Joe's Roofing.  It now disputes its obligation to provide coverage in relationship to the underlying related state court litigation brought on theories of negligence and poor workmanship in which it is asserted that Big Joe's Roofing is liable for igniting the fire.  With respect to an insurance company's duty to provide a defense, it has been said that the duty to defend is much broader than its duty to indemnify.  *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 540 (Pa. 2010).  "[T]he obligation to defend arises whenever the complaint filed by the injured party may potentially come within the coverage of the policy."  *Erie Ins. Exch. v. Transamerica Ins. Co.*, 533 A.2d 1363, 1368 (Pa. 1987).  "In determining the duty to defend, the complaint claiming damages must be compared to the policy and a determination made as to whether, if the allegations are sustained, the insurer would be required to pay resulting judgment."  *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007).  Accordingly, "the allegations raised in the underlying complaint alone fix the insurer's duty to defend."  *Erie Ins. Exch. v. Claypoole*, 673 A.2d 348, 355 (Pa. Super. Ct. 1996).  Once the insurer's duty to defend is triggered, the insurer has a duty to defend "until such time that the claim is confined to a recovery that the policy does not cover."  *United Services Auto. Asso. v. Elitzky*, 517 A.2d 982, 985 (Pa. Super. Ct. 1986).

      The second, third and fourth *Reifer* factors support the Court's decision to abstain from exercising jurisdiction over this declaratory judgment action.  From a convenience and judicial economy state point, Great Lakes has available remedies provided for by state law that can be answered by the Court of Common Pleas in Philadelphia County.  *Gen. Accident Ins. Co. of Am.*

*v. Allen*, 692 A.2d 1089, 1096 (Pa. 1997) ("[T]he duty to defend *and* the duty to indemnify may be resolved in a declaratory judgment action [under the Pennsylvania Declaratory Judgments Act.]"); see also *Harleysville Mut. Ins. Co. v. Madison*, 609 A.2d 564, 566 (Pa. Super. 1992) ("[An insurance company] has [the] right to seek a judicial determination of its obligations to [its insured], including its duty to defend him, in advance of the conclusion of the negligence action."). Litigating Great Lakes' obligation to provide a defense within the Court of Common Pleas of Philadelphia County would "promote judicial economy by avoiding duplicative and piecemeal litigation." *Summy*, 234 F.3d at 135. Furthermore, the litigation of Great Lakes coverage question in federal court serves no special public interest. *Id.* at 136 ("The desire of insurance companies and their insureds to receive declarations in federal court on matter of purely state law has no special call on the federal forum.").

     An evaluation of the fifth, sixth and seventh *Reifer* factors also supports the Court's decision to abstain from the exercise of jurisdiction over this matter. A federal court should exercise restraint when related issues are pending in state court. In this instance, there is related underlying litigation pending in state court which implicates issues that are intertwined with issues that the Court could be called upon to address in this this litigation. Any determination pertaining to Great Lakes obligation to provide a defense would seem to implicate issues about the workmanship and negligence of Big Joe's Roofing in how the fire occurred. Big Joe's Roofing's negligence and responsibility for igniting the fire are all questions that are before the state court for resolution in the underlying related litigation. The potential for overlapping issues in conjunction with the application of legal principles such as *res judicata* and *collateral estoppel* weigh heavily in the Court's decision to decline to exercise jurisdiction over this declaratory judgment action.

Finally, the position that Great Lakes takes in this declaratory judgment action presents an inherent conflict of interest between its duty to defend Big Joe's Roofing in state court, and its attempt to invoke a flame-based policy exclusion to disavow coverage in this federal court action. This is especially true where factual and legal issues related to liability, negligence and workmanship are actively being litigated in another court.

### III. CONCLUSION:

For these reasons, the Court lacks subject matter jurisdiction under the Declaratory Judgment Act over claims asserted in this action. Therefore, the Court will exercise the discretion vested under the Declaratory Judgment Act to dismiss Great Lakes complaint.

BY THE COURT:

/s/ John Milton Younge
Judge John Milton Younge