IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREAT LAKES INSURANCE, SE, | : | |
|     Plaintiff, | : | No. 22-cv-1654-JMY |
| | : | |
|     v. | : | |
| | : | |
| BIG JOE'S ROOFING, LLC, et al., | : | |
|     Defendant. | : | |

## ORDER

**AND NOW**, this 6th day of July, 2023, upon consideration of the *Motion for Reconsideration of the Court's Order Dated March 23, 2023*[1] (ECF No. 50), and all papers submitted in support thereof and in opposition thereto, it is hereby **ORDERED** that said Motion is **DENIED**.[2]

The case shall remain **CLOSED**.

BY THE COURT:

   /s/ John Milton Younge
Judge John Milton Younge

---

[1] Great Lakes Insurance, SE, seeks reconsideration of the Court's Order & Memorandum that dismissed this lawsuit March 23, 2023. (Order & Memorandum, ECF No. 48-49.) Therefore, the Court will construe Great Lakes' Motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). "The United States Court of Appeals for the Third Circuit has held that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. Nov. 25, 1994). A motion for reconsideration "is an extraordinary remedy to be employed sparingly." *Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, 498 F. Supp. 2d 753, 756-57 (E.D. Pa. 2007). The motion can only be granted if the movant demonstrates "(1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is need to correct a clear error of law or fact or to prevent a manifest injustice." *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019) (citing *Max's Seafood Café by Lou-Ann Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); see also *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. Sep. 2, 1993).

A motion for reconsideration is not "a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court," or "to express disagreement with the Court's rulings." *United States v. Stevenson*, No. 16-0189, 2019 U.S. Dist. LEXIS 172592 at *2 (W.D. Pa. Oct. 4, 2019) (*citing United State v. Hoey*, No. 09-0200, 2011 U.S. Dist. LEXIS 15079 at *6 (W.D. Pa. Feb. 15, 2011)); *United States v. Perminter*, No. 10-0204, 2012 U.S. Dist. LEXIS 25182 at *7 (W.D. Pa. Feb. 28, 2012). Instead, "such motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue." *Perminter*, 2012 U.S. Dist. LEXIS 25182, at *9. Put simply, it is "improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'" *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

[2]  This lawsuit was filed under the Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201-02, by Great Lakes Insurance, SE (hereinafter "Great Lakes"). (Complaint, ECF No. 1.) The Court previously decided to abstain from exercising jurisdiction over disputed issues and *sua sponte* entered an order that dismissed this litigation without prejudice. (Order & Memorandum, ECF No. 48-49.) The Court reached its decision to abstain from exercising jurisdiction after applying the factors espoused in *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 (3d Cir. April 29, 2014). *Id.* In weighing the *Reifer* factors and reaching the conclusion that this litigation should be dismissed, the Court relied heavily on the existence of related litigation proceeding in the Pennsylvania Court of Common Pleas in Philadelphia County. *Philadelphia Contribution Insurance Company v. Big Joe's Roofing*, December Term, 2021 No. 664; *State Farm Fire & Casualty Company v. Big Joe's Roofing*, May Term, 2021 No. 2857; *Safeco Insurance Company v. Big Joe's Roofing, LLC.*, November Term, 2022 No. 1723.)

The Court was of the opinion that overlapping issues of negligence and workmanship on the part of Defendant Big Joe's Roofing, LLC, were implicated in litigation taking place in both federal and state forums. (Order & Memorandum, 48-49.) The Court saw potential problems with the application of legal principles like res judicata and collateral estoppel given the intertwined nature of factual and legal issues presented by related litigation taking place in multiple forums. *Id.* Therefore, it *sua sponte* dismissed the federal action.

In April 2023, Great Lakes filed the motion for reconsideration that is currently being considered by the Court. (Motion for Reconsideration, ECF No. 50.) In its Motion, Great Lakes argues that the Court misinterpreted the law and drew erroneous factual assumptions when reaching its decision to abstain from exercising jurisdiction over this litigation. (*Id.* page 2.) In May 2023, Great Lakes filed a letter brief in support of its motion to reconsider. (Memorandum in Support of Motion for Reconsideration, ECF No. 53.) The letter brief reasserts Great Lakes' argument that the Court made various factual and legal errors when reaching its decision on abstention. (*Id.*) Great Lakes also sought to appraise the Court of subsequent factual developments that transpired after the Court filed its Order & Memorandum in March 2023. (*Id.* page 4.) Great Lakes argued that the Court should conduct a renewed assessment of the *Reifer* factors because parties to the related litigation pending in Philadelphia County entered into agreements to settle that litigation. (*Id.*)

The Court will rely on the logic and reasoning as explained in the Order and Memorandum that it previously filed to address Great Lakes' argument that the Court committed purported factual and legal errors. The Order and Memorandum that the Court previously filed adequately explains the Court's assessment of the facts and circumstances surrounding this

lawsuit when the Court reached its decision on abstention. The Court properly interpreted and applied the law, and did not rely upon erroneous factual conclusions. *Rice v. McKean*, 2019 U.S. Dist. LEXIS 108621 *11 (M.D. Pa. June 27, 2019) ("Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court"); *Id.* page 12 ("[N]otwithstanding [Plaintiff's] arguments, there is neither an intervening change in the law nor any newly developed material change in the facts which would justify reconsideration of this decision. Further, given the facts before us, there is no manifest injustice that needs to be corrected here.")

The Court is not persuaded that it should reconsider its previous ruling based on the fact that litigants in the related litigation in Philadelphia County have entered into settlement agreements. Any settlement agreement entered into after the Court rendered its decision in March of 2023 would constitute a subsequent intervening factual development which is not an appropriate ground to warrant reconsideration. *In re Kwiatkowski*, 2005 Bankr. LEXIS 2083 *8 (E.D. Pa. October 24, 2005) ("The Motion cannot be granted under Rule 59(e) . . . there is no error of fact or law alleged nor newly discovered evidence presented. Rather the Motion is based on facts that occurred after the judgment was entered. As I have made clear in prior rulings, I will not grant a motion to reconsider based on subsequent circumstances."); *Campbell v. American Foreign S.S. Corp.*, 116 F.2d 926, 928 (2nd Cir. January 23,1941) (Newly discovered evidence as ground for new trial refers only to evidence of facts in existence at time of trial of which aggrieved party was excusably ignorant and not of facts occurring subsequent to trial.); *Corex Corp. v. United States*, 638 F.2d 119, 122 (9th Cir. 1981) (Evidence of events occurring after trial is not newly discovered evidence within meaning of Rule 59.); *Washington v. United States*, 214 F.2d 33, 47 (9th Cir. June 1, 1954).

The Court further finds that any settlement agreement reached in the related litigation in Philadelphia County does not constitute a material change in the fact pattern which would alter its decision on abstention. *Temenoff v. Emery*, 42 F. Supp. 179 (D. Pa. 1941) (When denying an motion for new trial brought under Rule 59 the court stated that after-discovered evidence must not be simply corroborative or cumulative, but must be such as would likely result in different verdict if case were retired.); *Reed v. Kellerman*, 2 F.R.D. 195, 1941 U.S. Dist. LEXIS 2145 (D. Pa. 1941); *In Re W.R. Grace & Co.*, 556 B.R. 113, 121 (Del Co. Aug. 25, 2016) (claimant's arguments regarding the change in controlling law as well as perceived factual and legal errors do not warrant reconsideration of the Court's previous decision because they are a combination of previously lost arguments and subsequent, but not sufficiently material, developments after the decision.)

The Court believes that any agreement to settle the related litigation is not a material change in facts which would alter its decision on abstention because all related litigation was still filed in Philadelphia County. Any dispute as to the terms of settlement that might possibly arise in the future would almost certainly be resolved in Philadelphia County where the related litigation was filed, and could be reopened if settlement is set aside. Philadelphia County offers an excellent venue for Great Lakes' declaratory judgment action to proceed. *Gen. Accident Ins. Co. of Am. v. Allen*, 692 A.2d 1089, 1096 (Pa. 1997) ("[T]he duty to defend *and* the duty to indemnify may be resolved in a declaratory judgment action [under the Pennsylvania Declaratory Judgment Act.]"); *Harleysville Mut. Ins. Co. v. Madison*, 609 A.2d 564, 566 (Pa. Super. 1992). ("[An insurance company] has [the] right to seek a judicial determination of its obligations to [its insured], including its duty to defend him, in advance of the conclusion of the negligence action.").

Therefore, the Court will decline to reevaluate its assessment of the *Reifer* factors, and Great Lakes' motion for reconsideration is denied.